IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

ONDREZ DE'CARLOS DOMONECK          §

VS.                                §          CIVIL ACTION NO.  1:22-cv-347

SHERIFF, JEFFERSON COUNTY          §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Ondrez De'Carlos Domoneck, a prisoner at the Jefferson County Jail, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner brings this Petition for Writ of Habeas Corpus asserting the following four grounds for relief: (1) his length of confinement is excessive; (2) he has been denied a probable cause hearing; (3) he has been denied due process; and (4) the judge intentionally set his bond too high.

Analysis

Petitioner is a pretrial detainee at the Jefferson County Detention Center.  A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing Petition filed to seek release from pending state criminal proceeding as brought under § 2241 rather than § 2254); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Title 28 U.S.C. § 2241 gives the district court

authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

*Availability of Habeas Corpus Remedy*

A state pretrial detainee is entitled to raise constitutional claims in a § 2241 proceeding if two requirements are satisfied.  First, the petitioner must be in custody.  *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224.  As Petitioner is confined in the Jefferson County Detention Center on pending criminal charges, he is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies.  *See Dickerson*, 816 F.2d at 224.  State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure.  *Braden v. 30th Judicial Circuit Court Of Kentucky*, 410 U.S. 484, 489-92 (1973).

*Exhaustion*

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief.  *Picard v. Conner*, 404 U.S. 270, 275 (1971).  The exhaustion requirement reflects federal-state comity concerns.  *Id.*  The district court may raise the exhaustion requirement *sua sponte*.  *McGee v. Estelle*, 722 F.2d 1206, 1208 (5th Cir. 1984) (en banc).  The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner."  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

"It is well settled that a habeas petition must be dismissed if any issue has not been exhausted in the state courts."  *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235 (1991).  "If the petitioner did not fairly present the substance of his claims to the state courts

2

. . ., the petition must be dismissed . . . so that the state court may have a fair opportunity to determine" the claims. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988). "This exhaustion rule requires the dismissal of any habeas petition that contains claims not yet raised in available state court proceedings, even if such claims are mixed with exhausted ones." *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

In the case of a pre-trial detainee such as Petitioner, the state trial courts have jurisdiction in habeas corpus petitions filed pursuant to Tex. Crim. Proc. Code Ann. § 11.08 (West 2021). Section 11.08 allows a post-indictment pre-trial detainee to challenge his confinement via a writ of habeas corpus. The writ is to be addressed to the trial court.

If a trial court denies habeas relief to an applicant, the applicant's appropriate remedy is to take an appeal from this denial to the Court of Appeals. *Ex part Twyman*, 716 S.W. 2d 951, 952 (Tex. Crim. App. 1986). If the petitioner is not satisfied with the decision of the Court of Appeals he may file a Petition for Discretionary Review with the Texas Court of Criminal Appeals. *See id*. Thus, Petitioner has an avenue of exhaustion in the state courts.

Petitioner has neither alleged nor demonstrated that he properly exhausted his state habeas remedies by presenting his claims to the Texas Court of Criminal Appeals. As Petitioner has failed to exhaust his claims to the highest state court, his Petition should be dismissed.

<u>Recommendation</u>

The Petition for Writ of Habeas Corpus should be dismissed without prejudice.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 2nd day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

4